<u>ORAL ARGUMENT NOT SCHEDULED</u>

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

WESTERN STATES TRUCKING
ASSOCIATION, INC., et al.,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.

Respondents.

No. 23-1143

(and consolidated cases)

## MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENTS BY THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, MAINE, MARYLAND, MINNESOTA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND PENNSYLVANIA; THE DISTRICT OF COLUMBIA; THE CITIES OF LOS ANGELES AND NEW YORK

ROB BONTA
Attorney General of California
ROBERT W. BYRNE
EDWARD H. OCHOA
Senior Assistant Attorneys General
MYUNG J. PARK
Supervising Deputy Attorney General

M. ELAINE MECKENSTOCK
JONATHAN A. WIENER
PHILLIP M. HOOS
Deputy Attorneys General
600 W. Broadway Ave., Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9301
Email: Phillip.Hoos@doj.ca.gov

(additional counsel on signature pages)

**INTRODUCTION**

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15(d), the States of California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Minnesota, New Jersey, New York, North Carolina, Oregon, Rhode Island, Vermont and Washington; the Commonwealths of Massachusetts and Pennsylvania; the District of Columbia; and the Cities of Los Angeles and New York (collectively, "State Movant-Intervenors") hereby move the Court for leave to intervene in the above-captioned, consolidated cases in support of Respondents United States Environmental Protection Agency (EPA) and Administrator Regan.

Petitioners in the consolidated cases challenge EPA's order granting California waivers, under 42 U.S.C. § 7543(b), to enforce its Advanced Clean Trucks regulation, Zero-Emission Airport Shuttle regulation, Zero-Emission Powertrain Certification regulation, and 2018 Heavy-Duty Emissions Warranty Amendments. *California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision*, 88 Fed. Reg. 20,688 (Apr. 6, 2023) (hereinafter "Waiver

1

Decision"). Other States (including many movants here) have adopted some of these California standards as their own, and EPA's order directly affects State Movant-Intervenors' ability to enforce these emission standards and certification and warranty requirements. State Movant-Intervenors have an undeniable interest at stake in this litigation and can readily satisfy the requirements for intervention. Neither Respondents nor Petitioners in Case Nos. 23-1144, 23-1145, 23-1146, 23-1147, 23-1148 oppose this motion. Petitioners in Case No. 23-1143 took no position on State Movant-Intervenors' motion to intervene but reserved the right to file a response. This Court and other courts have routinely granted intervention to California and other affected States in defense of EPA decisions granting similar waivers of preemption. *E.g.*, *Ohio v. EPA*, Case No. 22-1081, ECF# 1952922 (June 30, 2022); *Am. Trucking Ass'ns, Inc. v. EPA*, 600 F.3d 624, 625 (D.C. Cir. 2011); *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA* (*MEMA I*), 627 F.2d 1095, 1111 (D.C. Cir. 1979); *see also Dalton Trucking, Inc. v. EPA*, 846 F.App'x 442, 443 (9th Cir. 2021). State Movant-Intervenors respectfully request the Court do so again here.

## BACKGROUND

Through a series of Clean Air Act amendments beginning in 1967, Congress has carefully addressed harmful emissions from new motor vehicles by ensuring that vehicle manufacturers could be subject to two, but only two, sets of emissions standards. Congress thus struck a balance between automakers' fears of "having to meet fifty-one separate sets of [state and federal] emissions control requirements" and the technological innovations and air quality benefits derived from differential regulation in limited markets. *MEMA I*, 627 F.2d at 1109.

Under this carefully balanced approach, EPA must establish federal standards for new motor vehicles to control emissions that it determines "cause, or contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare." 42 U.S.C. § 7521(a). And, while states are generally preempted from establishing their own standards for new motor vehicle emissions, *id.* § 7543(a), Congress granted an exception for those states regulating vehicular emissions prior to the enactment of the Clean Air Act. Since California was the only state regulating vehicular emissions before the federal government, the Act retained California's authority to continue with and "improve on 'its already excellent program' of emissions control."

3

*MEMA I*, 627 F.2d at 1109-10 (quoting S. Rep. No. 403, 90th Cong., 1st Sess. 33 (1967)).   California does so under a waiver of otherwise applicable preemption from EPA pursuant to Section 209(b).  42 U.S.C. § 7543(b).  EPA must grant a waiver request if California determines that "the State standards will be, in the aggregate, at least as protective of public health and welfare as applicable Federal standards," 42 U.S.C. § 7543(b)(1), unless the evidence supports an EPA finding that:

> (A) California's determination that its standards will be at least as protective of public health and welfare as applicable Federal standards is "arbitrary and capricious";
> (B) California "does not need such State standards to meet compelling and extraordinary conditions"; or
> (C) California's "standards and accompanying enforcement procedures are not consistent with" section 202(a) of the Clean Air Act, meaning they are not feasible within the lead time provided.

*Id.*

Under Clean Air Act section 177, most other States may choose either to adopt California's standards in their jurisdictions or to rely instead on federal standards.  42 U.S.C. § 7507.

This statutory program has operated as Congress intended for well over half a century.  EPA has granted California over 75 preemption waivers, and most recently, has granted California the preemption waivers challenged in

4

this petition; these waivers permit enforcement of four regulations that individually and collectively establish significantly more stringent emissions standards and other requirements for new medium- and heavy-duty vehicles. 88 Fed. Reg. 20,688.  These four regulations will help California and other states to substantially reduce the emissions of multiple harmful pollutants (including nitrogen oxides, particulate matter, and greenhouse gases) and will also accelerate the adoption of zero-emission vehicle technology. Specifically:

- The Advanced Clean Trucks regulation requires manufacturers to sell increasing percentages of medium- and heavy-duty trucks that emit no harmful air pollutants in the form of tailpipe emissions ("zero-emission trucks") in California.

- The Zero-Emission Airport Shuttle regulation sets increasing zero-emission vehicle fleet composition requirements for airport shuttle fleet owners that service the thirteen largest airports in California.

- The Zero-Emission Powertrain Certification regulation establishes certification procedures and requirements for battery-electric and hydrogen fuel cell powertrains used in heavy-duty vehicles, including the

vehicles subject to the Advanced Clean Trucks and the Zero-Emission Airport Shuttle regulations.

- The 2018 Heavy-Duty Warranty amendments lengthen the period during which manufacturers must warrant that their new, on-road, heavy-duty diesel engines and vehicles are designed, built, and equipped to conform with applicable emission standards.

Petitioners challenge the validity of EPA's Waiver Decision. State Movant-Intervenors seek to intervene to defend EPA's actions in order to enforce their existing state laws,[1] to preserve their ability to adopt these laws should they so choose, and to generally preserve key elements of their authority to address air pollution and protect the public health and welfare in their states.

## LEGAL STANDARD

A party seeking to intervene as a respondent before this Court must establish both Article III standing and the elements of intervention, consistent

---

[1] The following State Movant-Intervenors have already adopted some of the regulations at-issue in the Waiver Decision:  Massachusetts, New Jersey, New York, Oregon, Vermont, and Washington.  *See* 310 Code Mass. Regs. § 7.40; N.J. Admin. Code §§ 7:27-31.1 & 33; N.Y. Comp. Codes R. & Regs., tit. 6, § 218-1.1, 218-2.1, 218-4.1, 218-4.2; Or. Admin. R. § 340-257-0050; Vt. Code R. § 12.030-040:40-103(b); Wash. Admin. Code § 173-423-010 *et seq*.

6

with Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15(d). *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 316, 320 (D.C. Cir. 2015).  To establish standing, the movant "must show injury-in-fact, causation, and redressability." *Id.* at 316.

Parties seeking to intervene in circuit court proceedings to review agency actions generally must provide a "concise statement of interest of the moving party and the grounds for intervention" that is filed "within 30 days after the petition for review." Fed. R. App. P. 15(d).  In determining whether to grant intervention motions, this Court draws on the policies underlying Federal Rule of Civil Procedure 24.  *E.g.*, *Crossroads Grassroots*, 788 F.3d at 320.  Under that rule, courts require a party requesting intervention as of right to satisfy four factors: (1) that the application to intervene is timely; (2) that the movant has a legally protected interest; (3) that the action, as a practical matter, impairs or impedes that interest; and (4) that no party to the action can adequately represent the movant's interest.  *Id.*; *see also Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232-33 (D.C. Cir. 2018) (resolving motion to intervene under Fed. R. App. P. 15(d) by looking "to the timeliness of the motion to intervene and to whether the existing parties can be expected to vindicate the would-be intervenor's interests").

7

A court may also grant permissive intervention when a movant makes a "timely motion" and the applicant's "claim or defense," "shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1); *see also EEOC v. Nat'l Children's Ctr., Inc*., 146 F.3d 1042, 1045 (D.C. Cir. 1998); or when "a federal or state governmental officer or agency" seeks to intervene and "a party's claim or defense is based on … (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order," Fed. R. Civ. P. 24(b)(2).

## ARGUMENT

### I. STATE MOVANT-INTERVENORS HAVE ARTICLE III STANDING TO DEFEND EPA'S WAIVER DECISION

Under this Court's precedent, "[t]he standing inquiry for an intervening-defendant is the same as for a plaintiff." *Crossroads Grassroots*, 788 F.3d at 316. State Movant-Intervenors readily satisfy all three factors required to establish Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

This Court's "cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads*

*Grassroots*, 788 F.3d at 317.   There is no question that State Movant-Intervenors benefit from EPA's Waiver Decision.   That decision allows California and other States that have already adopted the standards to enforce their own regulations to control vehicle emissions and gives still more States the option to adopt these regulations.   *New Jersey v. EPA*, 989 F.3d 1038, 1045 (D.C. Cir. 2021) ("Standing is usually self-evident when the petitioner is an object of the challenged government action.").   And if EPA's Waiver Decision were to be vacated by an unfavorable decision from this Court, State Movant-Intervenors would be injured by being preempted from enforcing their own regulations, or from adopting them in the first place.   *Alaska v. U.S. Dep't of Transp*., 868 F.2d 441, 444 (D.C. Cir. 1989) ("Inasmuch as this preemptive effect is the injury of which petitioners complain, we are satisfied that the States meet the standing requirements of Article III."); *see also Crossroads Grassroots*, 788 F.3d at 318 ("Losing the favorable order would be a significant injury in fact.").

An adverse decision by this Court would further injure State Movant-Intervenors by proscribing their ability to "employ a duly enacted [state regulation] to help prevent" harms to local residents and businesses, *Maryland v. King*, 567 U.S. 1301, 1303 (2012); *Maine v. Taylor*, 477 U.S. 131, 137

9

(1986), or to achieve emissions reductions necessary to attain federal National

Ambient Air Quality Standards, *New Jersey*, 989 F.3d at 1047 (holding state

had standing "based on harm to its ability to attain the NAAQS").[2]  The result

would be an increase in vehicular emissions within their state borders.[3]  Such

emissions would result in increased heart and respiratory diseases among

states' residents associated with criteria pollutant exposure, increased

hospitalizations and related health care costs,[4] damages to publicly owned

land and infrastructure, increased expenditures of public funds, and

---

[2] *See* States of California *et al.*, Comments on "California State Motor Vehicle Pollution Control Standards; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Request for Waiver of Preemption," at 7-13 (Aug. 2, 2022), Docket ID EPA-HQ-OAR-2022-0331-0092 (hereinafter "States' Comments").

[3] *See* CARB, Staff Report Initial Statement of Reasons, Zero-Emission Airport Shuttle, at IV -11-16 (Dec. 31, 2018), Docket ID EPA-HQ-OAR-2022-0331-0015 (hereinafter "Airport Shuttle, Initial Statement of Reasons"); CARB, Staff Report Initial Statement of Reasons for Public Hearing to Consider the Proposed Advanced Clean Trucks Regulation, at VI-2-4 (Oct. 22, 2019), Docket ID EPA-HQ-OAR-2022-0331-0047 (hereinafter "Advanced Clean Trucks Initial Statement of Reasons").

[4] *See* CARB, Staff Report Standardized Regulatory Impact Assessment, at 19-21 (Aug. 8, 2019), Docket ID EPA-HQ-OAR-2022-0331-0046 (hereinafter "Standardized Regulatory Impact Assessment"); Advanced Clean Trucks Initial Statement of Reasons at V-3-4, 7-8; Airport Shuttle, Initial Statement of Reasons, at II-1-2, III-3-4.

impediments to States' ability to meet federal and state air quality standards, thereby exposing States to attendant regulatory consequences.[5]

These harms are "directly traceable" to Petitioners' challenges to EPA's Waiver Decision, and State Movant-Intervenors can therefore prevent the harms "by defeating" those challenges. *Crossroads Grassroots*, 788 F.3d at 316. Thus, all three requirements for Article III standing are met here, and State Movant-Intervenors have standing to intervene as Respondents in support of the Waiver Decision.

## II. STATE MOVANT-INTERVENORS ARE ENTITLED TO INTERVENTION AS OF RIGHT

State Movant-Intervenors also satisfy the four requirements for intervention as of right under Federal Rule of Civil Procedure 24(a).

**Timeliness**: This motion is timely. State Movant-Intervenors had "30 days after the petition for review [was] filed" to seek intervention. Fed. R. App. P. 15(d). The petition in Case No. 23-1143 was filed on June 5, 2023. This motion was filed on June 28, 2023, within that 30-day period.

**Legally Protected Interests**: Under this Court's precedent, the Article III inquiry overlaps with the inquiry into a legally protected interest that is

---

[5] States' Comments at 7-16.

11

sufficient to support intervention. *Crossroads Grassroots*, 788 F.3d at 320. As shown above, *supra* pp. 8-11, State Movant-Intervenors have legally protected interests in both adopting and enforcing their own regulations, and in the emission-reduction benefits those regulations are designed to produce. These same interests independently support intervention as a right. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1011 (2022); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003).

**Impairment of Legally Protected Interests**:   If successful, these petitions for review would result in the invalidation of the relevant regulations and thereby prevent State Movant-Intervenors from adopting these regulations or enforcing their existing regulations—an outcome that would clearly impair the States' legally protected interests. *See Karsner v. Lothian*, 532 F.3d 876, 885-886 (D.C. Cir. 2008) (finding impairment where potential litigation threatened to "alter" Maryland's legally protected interest).   The inability to enforce existing state laws would also result in an increase of vehicle emissions that are harmful to State Movant-Intervenors' residents— especially those in environmental justice communities who disproportionately

12

live near highways, trucking corridors, and airports.[6]  Those increased emissions will also harm state resources and the ability to comply with federal and state laws aimed at reducing air quality and climate change impacts.[7]  That State Movant-Intervenors "may not employ a duly enacted [state law] to help prevent these injuries [further] constitutes irreparable harm," and further supports intervention.  *Maryland*, 567 U.S. at 1303.

**Inadequate Representation**:  A "movant ordinarily should be allowed to intervene unless it is clear that" existing parties "will provide adequate representation."  *Crossroads Grassroots*, 788 F.3d at 321.  "[G]eneral alignment" between would-be intervenors and existing parties is not dispositive.  *Id.*  Instead, courts look to whether the defendant and movant "hold different interests."  *Id.*; *see also Funds for Animals,* 322 F.3d at 736.  Moreover, "a presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene to defend a state law."  *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2204 (2022).  Such is the case here.  State Movant-Intervenors have a unique sovereign interest

---

[6] Standardized Regulatory Impact Assessment at 19-21; Advanced Clean Trucks Initial Statement of Reasons at V-3-4, VIII-1-2; Airport Shuttle Initial Statement of Reasons at VI-1-3; States' Comments at 8-9.

[7] States' Comments at 12-16.

13

in their ability to enforce their own existing laws and to protect their authority to adopt and enforce these and other laws in the future. These sovereign interests are different from EPA's interests in defending *its* actions and the grounds on which they were taken. Moreover, State Movant-Intervenors' technical knowledge of the regulations and the local impacts of an adverse ruling cannot be fully represented by EPA.

For these reasons, State Movant-Intervenors' intervention to defend the Waiver Decision is appropriate. Granting intervention to the State Movant-Intervenors is also consistent with this Court's prior rulings granting California's and other States' intervention in similar waiver challenges. *See*, *Ohio v. EPA*, Case No. 22-1081, ECF#1952922 (D.C. Cir. June 30, 2022); *MEMA I*, 627 F.2d at 1109; *Am. Trucking Ass'ns, Inc.*, 600 F.3d at 625.

## III. ALTERNATIVELY, STATE MOVANT-INTERVENORS ARE ENTITLED TO PERMISSIVE INTERVENTION

In the alternative, State Movant-Intervenors also satisfy the requirements for permissive intervention. Under Federal Rule of Civil Procedure 24(b)(1), courts may permit intervention of (1) anyone "who…has a claim or defense that shares with the main action a common question of law or fact" or (2) a state government agency if the state's claim or defense is based on "any regulation, order, requirement, or agreement issued or made under the statute

14

or executive order." Fed. R. Civ. P. 24(b)(1)(B), (b)(2)(B).  In either case, the motion to intervene must also be timely filed so that intervention would not "unduly delay or prejudice the rights of the original parties."  Fed. R. Civ. P. 24(b)(3).

State Movant-Intervenors meet each of these requirements.  Here, State Movant-Intervenors seek to intervene to protect their ability to enforce their own regulations and to uphold their congressionally authorized discretion to choose which vehicular emission standards apply within their jurisdictions. State Movant-Intervenors' claims and defenses will share common questions of law or fact with EPA's likely arguments in defense of its Waiver Decision and with the Petitioners' claims, given that all arguments are likely to be grounded in the meaning of the waiver provision under which EPA acted and that the facts will be drawn from the same administrative record.

Moreover, to the extent that any "party's claim or defense"—such as a party's claims concerning injuries as a basis for standing—are based on the state regulatory programs that are the subject of EPA's Waiver Decision, State Movant-Intervenors, as the administrators of those regulatory programs, are entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(2).

Finally, permissive intervention is appropriate under either Federal Rule of Civil Procedure 24(b)(1) or (2), because, as shown above, this motion is timely, and there is no basis for concluding that State Movant-Intervenors' intervention at this early stage will cause undue delay or prejudice.

For all these reasons, permissive intervention should, in the alternative, be granted.

## CONCLUSION

State Movant-Intervenors respectfully request that this Court grant their intervention as of right or, in the alternative, permissively.

Dated:  June 28, 2023            Respectfully submitted,

ROB BONTA
Attorney General of California
ROBERT W. BYRNE
EDWARD H. OCHOA
Senior Assistant Attorneys General
MYUNG J. PARK
Supervising Deputy Attorneys General
JONATHAN A. WIENER
M. ELAINE MECKENSTOCK
Deputy Attorneys General



*/s/ Phillip Hoos*
PHILLIP HOOS
Deputy Attorney General
 600 W. Broadway Ave., Suite 1800
 San Diego, CA 92101
 Telephone: (619) 738-9301
 Email:  Phillip.Hoos@doj.ca.gov

*Attorneys for the State of California*

17

FOR THE STATE OF
COLORADO

PHILIP J. WEISER
Attorney General

*/s/ Scott Steinbrecher*
SCOTT STEINBRECHER
Deputy Attorney General
DAVID A. BECKSTROM
Assistant Attorney General
Natural Resources and
Environment Section
Ralph C. Carr Colorado Judicial
Center
1300 Broadway, Seventh Floor
Denver, Colorado 80203
(720) 508-6287
Scott.Steinbrecher@coag.gov

*Attorneys for the State of Colorado*

FOR THE STATE OF
CONNECTICUT

WILLIAM TONG
Attorney General

*/s/ Matthew I. Levine*
Matthew I. Levine
Deputy Associate Attorney General
Scott N. Koschwitz
Assistant Attorney General
Connecticut Office of the Attorney
General
165 Capitol Avenue
Hartford, Connecticut 06106
(860) 808-5250

*Attorneys for the State of
Connecticut*

FOR THE STATE OF DELAWARE

KATHLEEN JENNINGS
Attorney General

*/s/ Vanessa L. Kassab*
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Christian.Wright@delaware.gov
Vanessa.Kassab@delaware.gov

FOR THE STATE OF HAWAII

ANNE E. LOPEZ
Attorney General

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
465 S. King Street, #200
Honolulu, Hawaii 96813
(808) 587-3050
Lyle.T.Leonard@hawaii.gov

*Attorneys for the State of Hawaii*

*Attorneys for the State of Delaware*

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General

MATTHEW DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division

*/s/ Elizabeth Dubats*
ELIZABETH DUBATS
JASON E. JAMES
Assistant Attorneys General
Office of the Attorney General
69 W. Washington St., 18th Floor
Chicago, IL 60602
Elizabeth.Dubats@ilag.gov

*Attorneys for the State of Illinois*

FOR THE STATE OF
MARYLAND

ANTHONY G. BROWN
Attorney General

*/s/ Cynthia M. Weisz*
CYNTHIA M. WEISZ
Assistant Attorney General
Office of the Attorney General
Maryland Department of the
Environment
1800 Washington Blvd.
Baltimore, MD 21230
(410) 537-3014
cynthia.weisz2@maryland.gov

FOR THE STATE OF MAINE

AARON M. FREY
Attorney General

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
Maine Attorney General's Office
6 State House Station
Augusta, ME 04333
(207) 626-8800

*Attorneys for the State of Maine*

FOR THE STATE OF
MINNESOTA

KEITH ELLISON
MINNESOTA ATTORNEY
GENERAL

*/s/ Peter Surdo*
PETER N. SURDO
Special Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2127
(651) 757-1061
peter.surdo@ag.state.mn.us

JOSHUA M. SEGAL
Special Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6446
jsegal@oag.state.md.us

*Attorneys for the State of Maryland*

FOR THE STATE OF NEW JERSEY

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/ Nell Hryshko*
NELL HRYSHKO
Deputy Attorneys General
Division of Law
25 Market St., P.O. Box 093
Trenton, New Jersey 08625
(609) 376-2735
nell.hryshko@law.njoag.gov

*Attorneys for the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General

JUDITH N. VALE
Deputy Solicitor General
ELIZABETH A. BRODY
Assistant Solicitor General
YUEH-RU CHU
Chief, Affirmative Litigation Section
Environmental Protection Bureau

*/s/ Gavin G. McCabe*
GAVIN G. McCABE
ASHLEY M. GREGOR
Assistant Attorneys General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8469
Gavin.McCabe@ag.ny.gov

*Attorneys for the State of New York*

FOR THE STATE OF NORTH
CAROLINA

JOSHUA H. STEIN
Attorney General

DANIEL S. HIRSCHMAN
Senior Deputy Attorney General
FRANCISCO BENZONI
Special Deputy Attorney General

*/s/ Asher P. Spiller*
ASHER P. SPILLER
Special Deputy Attorney General
ASHTON ROBERTS
Assistant Attorney General
North Carolina Department of
Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6400
ASpiller@ncdoj.gov

*Attorneys for the State of North
Carolina*

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.state.or.us
Steve.Novick@doj.state.or.us

*Attorneys for the State of Oregon*

FOR THE STATE OF RHODE
ISLAND

PETER F. NERONHA
Attorney General

*/s/ Nicholas M. Vaz*
Nicholas M. Vaz
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-4400 ext.
2297
nvaz@riag.ri.gov

*Attorneys for the State of Rhode
Island*

FOR THE STATE OF VERMONT

CHARITY R. CLARK
Attorney General

*/s/ Nicholas F. Persampieri*
NICHOLAS F. PERSAMPIERI
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Nick.Persampieri@vermont.gov

*Attorneys for the State of Vermont*

FOR THE STATE OF
WASHINGTON

ROBERT W. FERGUSON
Attorney General

*/s/ Christopher H. Reitz*
CHRISTOPHER H. REITZ
ALEXANDRIA DOOLITTLE
Assistant Attorneys General
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504
(360) 586-4614
Chris.Reitz@atg.wa.gov
Alex.Doolittle@atg.wa.gov

*Attorneys for the State of
Washington*

FOR THE COMMONWEALTH OF
MASSACHUSETTS

ANDREA JOY CAMPBELL
Attorney General

SETH SCHOFIELD
Senior Appellate Counsel
BRIAN CLAPPIER
Assistant Attorney General

*/s/ Matthew Ireland*
MATTHEW IRELAND
Assistant Attorney General
Office of the Attorney General
Energy and Environment Bureau
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200
Matthew.Ireland@mass.gov

*Attorneys for the Commonwealth of
Massachusetts*

FOR THE COMMONWEALTH
OF PENNSYLVANIA

MICHELLE HENRY
Attorney General

JILL GRAZIANO
Chief Deputy Attorney General

*/s/ Ann R. Johnston*
ANN R. JOHNSTON
Senior Deputy Attorney General
Office of Attorney General
14th Floor
Strawberry Square
Harrisburg, PA 17120
(717) 497-3678
AJohnston@attorneygeneral.gov

*Attorneys for the Commonwealth of Pennsylvania*

FOR THE DISTRICT OF
COLUMBIA

BRIAN L. SCHWALB
Attorney General

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General for
the District of Columbia
400 6th Street N.W., Suite 8100
Washington, D.C. 20001
(202) 724-6609
Caroline.VanZile@dc.gov

*Attorneys for the District of Columbia*

FOR THE CITY OF LOS
ANGELES

HYDEE FELDSTEIN SOTO
City Attorney

*/s/ Michael J. Bostrom*
MICHAEL J. BOSTROM
Senior Assistant City Attorney
200 N. Main Street, 6th Floor
Los Angeles, CA 90012
(213) 978-1867
Michael.Bostrom@lacity.org

*Attorneys for the City of Los
Angeles*

FOR THE CITY OF NEW YORK

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
ALICE R. BAKER
Senior Counsel

*/s/ Christopher G. King*
CHRISTOPHER G. KING
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2074
CKing@law.nyc.gov

*Attorneys for the City of New York*

# CERTIFICATE OF PARTIES ADDENDUM

Pursuant to Circuit Rule 27(a)(4) and 28(a)(1)(A), I certify that the parties are set forth below.

Petitioners:  Petitioners in Case No. 23-1143 are Western States Trucking, Inc., and Construction Industry Air Quality Coalition, Inc.

Petitioners in Case No. 23-1144 are the States of Alabama, Arkansas Georgia, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, Utah, West Virginia, and Wyoming.

Petitioners in Case No. 23-1145 are the Illinois Soybean Association, Iowa Soybean Association, Minnesota Soybean Growers Association, North Dakota Soybean Growers Association, Ohio Soybean Association, and South Dakota Soybean Association.

Petitioners in Case No. 23-1146 are the American Fuel & Petrochemical Manufacturers, Agricultural Retailers Association, American Petroleum Institute, American Royalty Council, California Asphalt Pavement Association, California Manufacturers & Technology Association, Consumer Energy Alliance, Domestic Energy Producers Alliance, Energy Marketers of America, Louisiana Mid-Continent Oil & Gas Association, National Association of Convenience Stores, Nevada Petroleum Marketers & Convenience Store Associations, The Petroleum

Alliance of Oklahoma, Texas Association of Manufacturers, Texas Oil & Gas Association, Texas Royalty Council, and Western States Petroleum Association.

Petitioners in Case No. 23-1147 are The 200 for Homeownership, The 60 Plus Association, Orange County Water District, and Mesa Water District.

Petitioner in Case No. 23-1148 is Owner-Operator Independent Drivers Association, Inc.

<u>Respondents</u>:  United States Environmental Protection Agency, Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency.

<u>Intervenors</u>:  There are no other intervenors or movant-intervenors at the time of this filing.

<u>Amici Curiae</u>: There are no amici curiae at the time of this filing.


Dated: June 28, 2023


<u>*/s/ Phillip Hoos*</u>
Phillip Hoos

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,014 words. I further certify that this motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using a proportionally spaced typeface (Times New Roman) in 14-point font.

Dated:    June 28, 2023

*/s/ Phillip Hoos*
Phillip Hoos

## CERTIFICATE OF SERVICE

I hereby certify that, on June 28, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the Court's CM/ECF system.

I further certify that all parties are participating in the Court's CM/ECF system and will be served electronically by that system.

Dated:    June 28, 2023

/s/ Phillip Hoos
Phillip Hoos