ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| WESTERN STATES TRUCKING ASSOCIATION, INC., et al., <br><br>Petitioners, <br><br>v. <br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br>Respondents. | Case No. 23-1143, and consolidated cases |

**MOTION TO HOLD CASE IN ABEYANCE**

The United States, on behalf of Respondents United States Environmental Protection Agency, and Michael S. Regan, Administrator (together, "EPA"), hereby moves the Court to suspend the briefing schedule and place these cases in abeyance, pending resolution of two cases before the Court that raise identical or overlapping issues. Although the parties to this matter discussed the possibility of such an abeyance before the briefing schedule was established in this case, it was not apparent to EPA at that time how substantial the overlap between this case and the two others pending before the Court would be. The opening briefs submitted by Petitioners now show that the large majority of issues presented in this case are,

in fact, already before the Court in *Ohio v. EPA*, Case No. 22-1081 (argued Sept. 15, 2023), and *Texas v. EPA*, Case No. 22-1031 (argued Sept. 14, 2023). As this Court heard argument in both *Ohio* and *Texas* more than two months ago, and resolution of those two cases could decide or substantially narrow the issues in this case, the United States respectfully requests that the briefing schedule in this matter be placed in abeyance until the Court issues its opinions in *Ohio* and *Texas*, at which times the parties can submit motions to govern addressing further briefing.

Respondents contacted counsel for Petitioners and Respondent-Intervenors regarding their positions on this motion. Counsel for Fuel Petitioners, State Petitioners, and Petitioners Western States Trucking Association, Construction Industry Air Quality Coalition, and Owner-Operator Independent Drivers Association state that they oppose the motion. Counsel for State Respondent-Intervenors and Public Interest Respondent-Intervenors state that they take no position on this motion. Counsel for the United States did not receive positions from counsel for Petitioners Illinois Soybean Association, et al. (No. 23-1145), and the 200 for Homeownership, et al. (No. 23-1147).

In support of this motion, the United States states as follows:

1.  In October and December 2021, California sought a preemption waiver under Section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b), to allow it

2

to enforce state regulations that amend emission standards and associated test procedures for heavy-duty diesel vehicles and engines ("HD Warranty amendments"); require manufacturers to produce and sell increasing percentages of the medium- and heavy-duty zero-emission vehicles and near zero-emission vehicles in California ("Advanced Clean Trucks" regulation); set increasing zero-emission airport shuttle fleet composition requirements ("Zero Emission Airport Shuttle" regulation); and establish certain certification requirements for medium- and heavy-duty zero-emission vehicles and their powertrains ("Zero Emission Powertrain" regulation). *See* 88 Fed. Reg. 20688, 20688-89 (Apr. 6, 2023).

2. Section 209(b) requires EPA to grant such a preemption waiver for vehicle emission standards in California where the State determines its State standards will be "in the aggregate, at least as protective of public health and welfare" as federal vehicle emissions standards. 42 U.S.C. § 7543(b)(1). EPA may only reject a waiver where it finds (A) that the State's protectiveness determination is arbitrary and capricious, (B) the State "does not need such State standards to meet compelling and extraordinary conditions," or (C) the State standards and accompanying enforcement procedures "are not consistent with section 7521(a)" of the Act. *Id.* § 7543(b)(1)(A)-(C).

3. Here, EPA concluded that there was no basis to find California's waiver request failed any of the three criteria, and so granted a preemption waiver

for the HD Warranty amendments, the Advanced Clean Trucks regulation, the Zero Emission Airport Shuttle regulation, and the Zero Emission Powertrain regulation. 88 Fed. Reg. at 20688-89.

4. EPA has granted preemption waivers for California's vehicle emission standards more than 75 times over the last 55 years, including in 2013, when it waived preemption for California regulations that set standards for greenhouse gas emissions from conventional passenger vehicles (known as light-duty vehicles) and required an increasing percentage of sales of zero-emission passenger vehicles. 78 Fed. Reg. 2112 (Jan. 9, 2013).

5. EPA's 2013 waiver decision for passenger vehicles was partially reconsidered and withdrawn in 2019, 84 Fed. Reg. 51310 (Sept. 27, 2019), and then reinstated in 2022. 87 Fed. Reg. 14332 (Mar. 14, 2022). Both the withdrawal[1] and reinstatement of the 2013 waiver were challenged in this Court, which heard oral argument on September 15th of this year on the challenges to EPA's 2022 waiver reinstatement decision. *See* ECF 2017130, *Ohio v. EPA*, D.C. Cir. 22-1081 (docket notice of oral argument). The litigation over EPA's 2022 waiver reinstatement, *Ohio v. EPA*, includes arguments from state parties asserting

---

[1] Challenges to the 2019 withdrawal remain in abeyance pending the outcome of the reinstatement litigation. *See Union of Concerned Scientists v. NHTSA*, D.C. Cir. 19-1230.

that Section 209(b)'s waiver provision is unconstitutional. *Ohio* State Br., ECF 1990758 at 16-33. It also includes arguments from fuel industry parties asserting that Section 209(b) does not allow EPA to waive preemption for California vehicle emission regulations that target climate change. Those arguments draw on contentions about the proper statutory interpretation of the second waiver criterion in Section 209(b)(1)(B), as well as the relevance of the major questions doctrine, federalism canon, and constitutional avoidance canon. *Ohio* Fuel Br., ECF 1990958 at 17-54.

6. The day before the argument in *Ohio v. EPA*, on September 14th, this Court also heard argument in *Texas v. EPA*. ECF 2016916, *Texas v. EPA*, D.C. Cir. 22-1031 (docket notice of oral argument). That case concerns challenges to EPA's own promulgation of greenhouse gas vehicle emission standards for passenger vehicles nationwide. There, petitioners are arguing that EPA's standards amounted to a zero-emission vehicle mandate, and that EPA lacks such authority under Section 202, 42 U.S.C. § 7521, of the Clean Air Act. *See Texas* Fuel Br., ECF 1996915 at 21-61.

7. Since those oral arguments, on November 3rd, Petitioners in this case filed their opening briefs. ECF 2025373 (State Br.) & 2025410 (Private Br.). Respondent EPA's opening brief responding to these arguments is presently due January 30, 2024, with final form briefs due April 1, 2024. ECF 2017811.

8. Upon review of Petitioners' opening briefs in this case, however, EPA believes abeyance of the remainder of the briefing schedule here, pending this Court's disposition of the *Ohio* and *Texas* cases, is appropriate to ensure judicial efficiency and preserve the resources of the parties and the Court. The briefing filed here addresses many of the same issues – and in some cases directly replicates briefing – currently before the Court in *Ohio* and *Texas*. Specifically, State Petitioners raise identical or nearly identical arguments in both this case and the *Ohio* case that Clean Air Act Section 209 is unconstitutional because it violates principles of equal sovereignty. *Compare* State Br. 17-28 *with Ohio* State Br., ECF 1990758 at 16-33. Private Petitioners raise identical or nearly identical claims in both this case and the *Ohio* case concerning the interpretation of the waiver criterion in Section 209(b)(1)(B), under which EPA must reject a waiver if it finds California "does not need such State standards to meet compelling and extraordinary conditions," *compare* Private Br. 42-58 *with Ohio* Fuel Br., ECF 1990958 at 27-52; and concerning the applicability of the major questions doctrine and the federalism and constitutional avoidance canons to that interpretation, *compare* Private Br. 19-28, 39-42, & 58-59 *with Ohio* Fuel Br., ECF 1990958 at 19-26, 52-54. Private Petitioners' remaining argument – that EPA misapplied the third waiver criterion, Section 209(b)(1)(C), which bars waiver if California's standards are "not consistent" with provisions governing EPA vehicle standards –

6

similarly relies on arguments made in the *Texas* case, where the parties are challenging EPA's own authority regarding electric vehicles and assert that its federal greenhouse gas standards amounted to an impermissible electric vehicle mandate.  *Compare* Private Br. 28-37 *with Texas* Fuel Br., 1996915 at 21-61.

9. The large majority of briefing here indisputably implicates questions that may be decided in the next few months by the *Ohio* and *Texas* panels.  All told, of approximately 63 total pages of argument between the two briefs, more than 50 pages overlap, and in large part directly repeat, arguments this Court may shortly be deciding.  That is more than 80 percent of the substantive briefing here.  Only eleven pages of briefing – ten pages of State Petitioners' opening brief concerning lead-time requirements, State Br. 28-38, and barely more than a page of Private Petitioners' opening brief concerning consideration of costs, Private Br. 37-39 – raise arguments that are not connected to those pending before the Court in *Ohio* and *Texas*.  And even there the forthcoming opinions may be dispositive, as both the *Ohio* and *Texas* cases include disputes over standing and other threshold issues that could bear on the challenges here.

10. The substantial overlap of these cases counsels for abeyance because the outcomes in *Ohio* and *Texas* could decide or substantially narrow the issues here.  For example, if the *Ohio* Court were to conclude that Section 209(b) is facially unconstitutional, as petitioners there and here have suggested, then EPA

7

would lack authority to grant preemption waivers altogether, including the Heavy-Duty Waiver challenged in this case. Such an outcome would presumably obviate the need for briefing altogether. Rulings on other questions presented in *Ohio* and *Texas* could likewise have a substantial effect on this case, for example by opining on the proper interpretation of Section 209(b), which is a central issue in this case. Even narrower rulings, as on the standing issues noted above, could have a meaningful impact on the path of the litigation here.

11. Although the parties here cannot predict the precise timing of the *Ohio* and *Texas* opinions, more than two months have passed since oral argument in both cases (held back-to-back on September 14th and 15th) so opinions could be forthcoming in these cases in a matter of weeks or months. Abating briefing here until those decisions are rendered would allow the parties here to assess what disputes remain between them at that point, if any, and ensure that further briefing here is tailored to any specific issues that remain unresolved. Such an abeyance would promote judicial efficiency and preserve the parties' resources by avoiding duplicative briefing of issues that may soon be decided – especially where briefs in this case, if abeyance is not granted, may need to be refiled or supplemented in any case following the opinions in *Ohio* and *Texas*.

12. Moreover, because opinions in those cases should be forthcoming within a matter of weeks or months, abeyance here would not unduly prejudice any party.

13. While abeyance at this juncture may be less common than abeyance at the outset of a case, it is still appropriate and warranted. At the outset of the case, it was not clear how substantially the briefs here would diverge from the arguments in *Ohio* and *Texas*. Examination of the briefs now filed shows that the overlap is very substantial, and that the sole set of issues EPA anticipated would be distinct from the *Ohio* case (concerning the application of the third waiver criterion in Section 209(b)(1)(C)) implicates in part issues raised in the *Texas* case. As such, abating further briefing until those earlier cases are decided would prevent needless further duplication of effort between these parallel cases, and ensure that the Court's disposition of the challenges here can focus on those questions (if any) that remain undecided after judgment in *Ohio* and *Texas*.

14. Granting abeyance in these circumstances would also be consistent with this Court's past practice, where the Court has stayed briefing schedules to allow for disposition of related cases that might narrow the issues in a pending matter. *See, e.g.*, *S. Coast Air Quality Mgmt. Dist. v. EPA*, D.C. Cir. 16-1364, ECF Nos. 1671503 (motion to hold remaining briefing in abeyance pending disposition of a related case raising "substantially the same challenge") & 1672697 (order

9

granting abeyance); *RFS Power Coal. v. EPA*, D.C. Cir. 20-1046, ECF Nos. 1884292 (opposed motion to hold remaining briefing in abeyance pending disposition of a Supreme Court case) & 1892343 (order granting abeyance); *cf. Ctr. for Biological Diversity v. EPA*, D.C. Cir. 15-1462, ECF Nos. 1595137 (motion collecting cases on abeyance pending disposition of a related case) & 1595227 (order granting abeyance).

  WHEREFORE, the United States respectfully requests that this Court hold these cases in abeyance pending the issuance of opinions in *Ohio v. EPA*, Case No. 22-1081, and *Texas v. EPA*, Case No. 22-1031, with motions to govern further proceedings due within 30 days of the issuance of the opinion in the later-decided of those two cases.

              Respectfully submitted,

              TODD KIM
              Assistant Attorney General

DATED: November 24, 2023   /s/ *Chloe H. Kolman*
              CHLOE H. KOLMAN
              ERIC G. HOSTETLER
              U.S. Department of Justice
              Environmental Defense Section
              P.O. Box 7611
              Washington, D.C. 20044
              (202) 514-9277
              chloe.kolman@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion to Hold Case in Abeyance complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a proportionally spaced font.

I further certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(2)(A) because it contains approximately 2,062 words, excluding exempted portions, according to the count of Microsoft Word.

/s/ <i>Chloe H. Kolman</i><br>CHLOE H. KOLMAN

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Motion to Hold Case in Abeyance have been served through the Court's CM/ECF system on all registered counsel this 24th day of November, 2023.

/s/ <i>Chloe H. Kolman</i><br>CHLOE H. KOLMAN